## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SANDRA LYNN BROSIUS,
 Appellant,

 v.

DEPARTMENT OF LABOR,
 Agency.

DOCKET NUMBER
AT-0752-13-7403-I-2

DATE: August 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Archibald J. Thomas, III, Esquire, Jacksonville, Florida, for the appellant.

Amy R. Walker, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal for medical inability to perform the essential functions of her position. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant for medical inability to perform the duties of her Workers' Compensation Assistant position. Initial Appeal File (IAF), Tab 1; Refiled Appeal File (RAF), Tab 6 at 27-29.[2] In her subsequent appeal, the appellant challenged her removal and also argued that the agency discriminated against her by failing to accommodate her disability and retaliated against her for protected equal employment opportunity (EEO) activity. IAF, Tab 1; RAF, Tab 1, Tab 11. After holding a hearing, the administrative judge affirmed the removal action and denied the appellant's affirmative defenses. RAF, Tab 14, Initial Decision (ID).

¶3 The administrative judge found that the agency established that the appellant's medical condition, an acute sensitivity to various chemicals and odors, rendered her unable to safely and efficiently perform the core duties of her position. ID at 2-9. He further found that the appellant's only identified

---

[2] On the appellant's request, the administrative judge dismissed the appeal without prejudice, and the appellant refiled it in accordance with the administrative judge's instructions. IAF, Tab 5; RAF, Tab 1.

accommodations, a scent-free environment or full-time telework, were not possible under the circumstances present and there were no vacant, funded positions to which she could be assigned. ID at 11-12. The administrative judge also determined that the appellant failed to establish her EEO reprisal claim. ID at 12-14. The record reflects that the appellant filed her formal EEO complaint the same day that the agency issued the removal decision and the administrative judge found no evidence indicating that the deciding official knew of it when she issued her final decision letter. ID at 13. The administrative judge also noted the appellant's failure to present any evidence, save for her own assertions, in support of her claim that the agency removed her in retaliation for her earlier informal EEO activity or for requesting reasonable accommodation. ID at 13-14. Lastly, the administrative judge determined that the appellant's removal was reasonable under the circumstances and promoted the efficiency of the service. ID at 14‑15.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        In her petition for review, the appellant argues that the evidence was insufficient to sustain the agency's burden of proof regarding her medical inability to perform the essential elements of her position, to establish that she was not a qualified individual with a disability, or to show that the accommodations she requested would impose an undue hardship on the agency. Petition for Review (PFR) File, Tab 1 at 5. She also argues that the administrative judge never determined which of her duties were essential. *Id.* at 6. She maintains that the record fails to show that her performance was less than satisfactory when she sought accommodation, contending that her "periodic medical inability to work after the agency began providing alternative accommodations was minimal" and that her absences were "[p]erhaps even less than other employees with routine illnesses such as the flu or other minor periodic illnesses." *Id.* She also asserts that the administrative judge erred in analyzing

her disability discrimination claim. *Id.* at 7. The agency responds in opposition. PFR File, Tab 3.

¶5        When, as here, the appellant does not occupy a position with medical standards or physical requirements or subject to medical evaluation programs, to establish a charge of physical inability to perform, an agency must prove a nexus between the employee's medical condition and observed deficiencies in her performance or conduct or a high probability, given the nature of the work involved, that her condition may result in injury to herself or others. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 25 (2014). In determining whether the agency has met its burden, the Board will consider whether a reasonable accommodation exists that would enable the employee to safely and efficiently perform the core duties of the position. *Id.*

¶6        Under the circumstances presented here, we agree with the administrative judge that the agency proved its charge, showing the existence of a high probability that, given the nature of her work in a Federal building accessible to the public at large, the appellant's condition may result in injury to herself. ID at 4-9. We also agree that the "appellant's high level of vulnerability to scents and odors in her workplace" adequately supports the agency's concerns regarding her ability to safely perform the essential functions of her position. ID at 7. As discussed below, the medical evidence supports the appellant's written statement that such exposure resulted in "debilitating migraines, chronic sinusitis, dysphasia, immediate excessive pain, elevated blood pressure, elevated heart rate, blurred vision, vomiting, dehydration, and on numerous occasions visits to the emergency room." ID at 8; RAF, Tab 6 at 56; *see, e.g.*, *Fox*, 120 M.S.P.R. 529, ¶ 25. By contrast, the appellant's assertion on review that her periodic inability to work was no worse than employees with routine illnesses like the flu, PFR File, Tab 1 at 6, is without support in the record and inconsistent with both the medical evidence and the appellant's own assertions.

¶7  The appellant's long-time primary care physician wrote that her exposure to scented products and perfumes "triggers immediate headache, blurry vision, and sometimes loss in her voice," as well as "elevated blood pressure and a change in her heart rate." RAF, Tab 6 at 64. Her physician referred her to a pulmonologist who likewise noted the appellant's history of migraines provoked by workplace exposure to "various chemicals and odors such as colognes, perfumes, lotions, and hairsprays." *Id.* at 60. The pulmonologist opined that, in the absence of either a scent-free environment or teleworking, the appellant "may have to apply for social security disability." *Id.* at 61. Lastly, a doctor who reviewed the medical evidence at the agency's request offered his opinion that the appellant required the requested accommodations because she was unable to perform her job when she experienced migraines due to exposure to strongly scented products. *Id.* at 55-56. He further wrote that he was unaware of any alternative accommodations that would be effective under these circumstances. *Id.*

¶8  When that medical evidence is considered along with testimony that, as recounted in the initial decision, credibly indicated that the agency took reasonable but ultimately ineffective measures to limit the appellant's exposure to scents and chemicals, and that the appellant nevertheless found it necessary to file numerous workers' compensation claims during the first half of 2013, we agree with the administrative judge that the weight of the evidentiary record indicates that it is not safe for the appellant to work in the Federal building where her office is located. ID at 6-7; *see Nanette v. Department of the Treasury*, 92 M.S.P.R. 127, ¶ 45 (2002) (finding that, in light of the difficulty in preventing an accidental exposure to toxic substances and the dire consequences of such an occurrence, the appellant failed to demonstrate she could safely perform the essential functions of her position in an office environment).

¶9  As noted above, the administrative judge determined that the appellant failed to establish that the agency discriminated against her based on a failure to accommodate her disability. ID at 9-12. The administrative judge found that the

appellant had an impairment that substantially limits at least one of her major life activities. ID at 10. Nevertheless, the administrative judge also found that the appellant failed to establish that she was a qualified individual with a disability, i.e., a person who, with or without accommodation, can perform the essential functions of her position. ID at 11-12. The appellant challenges this finding on review. PFR File, Tab 1 at 5.

¶10 An agency is required to make a reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. 29 C.F.R. § 1630.9(a); *see Miller v. Department of the Army,* 121 M.S.P.R. 189, ¶ 13 (2014). Reasonable accommodation includes modifications to the manner in which a position is customarily performed to enable a qualified individual with a disability to perform the essential job functions of the position. *Miller*, 121 M.S.P.R. 189, ¶ 13.[3] To establish disability discrimination, an employee must show that: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller*, 121 M.S.P.R. 189, ¶ 13.

¶11 When an appellant cannot show that she can perform the essential duties of her position with or without accommodation, the Rehabilitation Act does not require the agency to accommodate her medical condition. *E.g.*, *White v. U.S.*

---

[3] As a Federal employee, the appellant's claim of disability discrimination arises under the Rehabilitation Act of 1973. However, the standards under the Americans with Disabilities Act (ADA) have been incorporated by reference into the Rehabilitation Act. 29 U.S.C. § 791(g). Further, the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110–325, 122 Stat. 3553 (codified at 42 U.S.C. §§ 12101 et seq.), applies to this appeal because the incidents in question occurred after the January 1, 2009 effective date of the ADAAA. Although the ADAAA changed the interpretation of the law regarding the existence of a disability, it did not affect the requirements of the law as to reasonable accommodation. *See Miller*, 121 M.S.P.R. 189, ¶ 13 n.3.

*Postal Service*, [117 M.S.P.R. 244](#), ¶ 21 (2012); *McFadden v. Department of Defense*, [85 M.S.P.R. 18](#), ¶ 20 (1999); *see Gonzalez-Acosta v. Department of Veterans Affairs*, [113 M.S.P.R. 277](#), ¶ 13 (2010) (providing only limited or light duty tasks within an employee's position that do not constitute a separate position is not a reasonable accommodation) (citing *EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act*); *Henry v. Department of Veterans Affairs*, [100 M.S.P.R. 124](#), ¶¶ 10,13 (2005) (explaining that the Rehabilitation Act does not require an agency to restructure a job to eliminate its essential functions and finding that an agency is not required to create a new position for the appellant to provide a reasonable accommodation).

¶12     We agree with the administrative judge that the agency established that the only accommodations that the appellant identified in this matter, a scent-free environment or full-time telework, were not feasible under the circumstances. ID at 6-7.  The record reflects that, despite the agency's good-faith efforts to provide a safe environment for the appellant to do her job, a scent-free work environment is simply not possible in a busy Federal office building like the one in which she works.  ID at 6; *see Nanette*, [92 M.S.P.R. 127](#), ¶¶ 40-41 (assuming that the provision of a chemical‑free workspace is possible, given the degree of public interaction expected in a Federal office building, an accommodation request for an essentially scent-free environment is unreasonable on its face).  We further concur with the administrative judge that the agency showed that the appellant's job cannot be performed by telework.  ID at 7.  The record reflects that a significant portion of the appellant's daily workload involves working with files containing personally identifiable information, which is protected by the Privacy Act, [5 U.S.C. § 552](#)(a), and, as a result, cannot leave the office.  ID at 7; RAF, Tab 6 at 50.  Because the record reflects that these duties were a substantial portion of the appellant's workload, the elimination of which would require significant restructuring of her position, this point not only illustrates that such an

accommodation would be an undue hardship on the agency, it also confirms the administrative judge's finding that the appellant could not perform the essential duties of her position.  ID at 11 & n.7.  Moreover, the appellant does not dispute the administrative judge's finding that the agency searched, but was unable to find, a vacant position to which she could be reassigned.  ID at 7‑8.

¶13        Because the evidence therefore establishes that the appellant could not safely work in her office for the reason that the agency could not reasonably accommodate her medical need for a chemical and scent-free environment, and that neither telework nor transfer to another position was possible under the circumstances presented, we find that the administrative judge correctly determined that the agency established that the appellant was medically unable to perform the essential functions of her position and affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.